## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH, <br> SECRETARY OF LABOR, <br> UNITED STATES <br> DEPARTMENT OF LABOR, <br><br>    Plaintiff, <br><br>    v. <br><br> BANYAN TREATMENT CENTER, LLC, <br> WILKES-BARRE TREATMENT, LLC <br> d/b/a CLEARBROOK TREATMENT <br> CENTER, AND JOSEPH BOZZA <br><br>    Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of

Labor ("Plaintiff"), brings this action to enjoin Banyan Treatment Center, LLC, a

Florida limited liability company; Wilkes-Barre Treatment, LLC d/b/a Clearbrook

Treatment Center, a Pennsylvania limited liability company; and Joseph Bozza,

individually and as officer and manager of the aforementioned companies,

(collectively, "Defendants"), from violating the provisions of Sections 7, 11(c),

15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29

U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the

total amount of back wage compensation found by the Court to be due to any of

the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1.      Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2.      Defendant Banyan Treatment Center, LLC ("Banyan") is a limited liability company duly organized under the laws of the State of Florida. Banyan's registered address and principal place of business is 950 N. Federal Highway, Suite 115, Pompano Beach, Florida, 33062.  Banyan is engaged in the ownership, management and operation of drug and alcohol treatment facilities, including Wilkes-Barre Treatment, LLC d/b/a Clearbrook Treatment Center.

3.      Defendant Wilkes-Barre Treatment, LLC, d/b/a Clearbrook Treatment Center ("Clearbrook"), is a limited liability company duly organized under the laws of the Commonwealth of Pennsylvania.  Clearbrook's principal place of business is 1100 E. Northampton St., Laurel Run, Pennsylvania 18706. Clearbrook is engaged in the operation of a drug and alcohol treatment facility located at 1100 E. Northampton St., Laurel Run, Pennsylvania 18706.

4.      Defendant Joseph Bozza is the Vice President of Human Resources for Banyan.  Mr. Bozza directed employment practices and has directly or indirectly acted in the interest of Banyan and Clearbrook in relation to their employees at all relevant times herein, including developing, implementing, and

enforcing company policies, supervising human resources staff at Banyan and Clearbrook and setting the conditions of employment for their employees.

5.    The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

6.    Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including medications, office supplies, food, and beverages.  The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00.  Therefore, Defendants' employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

7.    Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or handling goods or materials that have been moved in or produced for commerce for workweeks longer that those prescribed in Section 7 of the Act

without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

8.     For example, during the time period from at least September 23, 2019, through at least October 31, 2021, Defendants failed to compensate certain of their employees employed as nurses and nursing staff (collectively, "employees") who worked over 40 hours in a workweek at rates not less than one and one-half times their regular rates.  Numerous employees at Clearbrook worked in excess of 40 hours in many workweeks but did not receive time and one-half their regular rates for their overtime hours as a result of Defendants' failure to pay such employees for time spent working during lunch breaks.  Although employees were scheduled to have a lunch break, employees actually worked through these periods due to the facility being too busy and understaffed.  As such, many employees worked through their lunch breaks, which resulted in such employees working in excess of 40 hours but not receiving time and one-half their regular rates for their overtime hours.

9.     Defendants knew or recklessly disregarded their obligation to pay their employees one and one-half their regular rates for hours worked in excess of forty per workweek.  As a result of a prior investigation by the Wage and Hour

Division, Defendants were aware of their obligation to pay overtime premium pay to employees who worked over 40 hours in a workweek as a result of time such employees spent actually working during their lunch breaks.  Clearbrook nevertheless intentionally manipulated time clock records and continued to fail to pay employees for such time employees spent working during their lunch breaks.

10.    Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

11.    For example, due to their practice of manually changing time clock records to reflect that lunch breaks were taken when they were not, Defendants failed to keep and preserve accurate time payroll records for employees for at least three years, including accurate records of employees' daily and weekly hours worked, total weekly straight-time earnings, and total weekly overtime premium pay. 29 C.F.R. §§ 516.2(a), 516.5(a).

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1)    For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants

who receive actual notice of any such judgment, from violating the provisions of

Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

(2)     For judgment pursuant to Section 16(c) of the Act finding Defendants

liable for unpaid overtime compensation due to certain of Defendants' current and

former employees listed in the attached Schedule A for the period from at least

September 23, 2019, through at least October 31, 2021, and for an equal amount

due to certain of Defendants' current and former employees in liquidated damages.

Additional amounts of back wages and liquidated damages may also be owed to

certain current and former employees of Defendants listed in the attached Schedule

A for violations continuing after October 31, 2021, and may be owed to certain

current and former employees presently unknown to the Secretary for the period

covered by this Complaint, who may be identified during this litigation and added

to Schedule A;

(3)     For an injunction issued pursuant to Section 17 of the Act restraining

Defendants, their officers, agents, employees, and those persons in active concert

or participation with defendants, from withholding the amount of unpaid overtime

compensation found due defendants' employees;

(4)     In the event liquidated damages are not awarded, for an Order

awarding prejudgment interest computed at the underpayment rate established by

the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Mailing Address:

U.S. Department of Labor
Office of the Regional Solicitor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103

(215) 861-5142 (voice)
(215) 861-5162 (fax)

dennis.ethan.m@dol.gov

Date: February 14, 2022

**UNITED STATES DEPARTMENT OF LABOR**

Seema Nanda
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

*/s/ Ethan M. Dennis*
By: Ethan M. Dennis
PA ID # 308871

Attorneys for Plaintiff

**Schedule A**

| | |
|---|---|
| Louise | Bitzer |
| Bobbi S. | Bobrowski |
| Devon | Chalker |
| Kayla | Cornell |
| Bonnie | Duffy |
| Audre | Edwards |
| Daniel | Estrella |
| Tia | Hartenfels |
| Malissa | Heckman |
| Gayle | Hodle |
| Melissa | Hooker |
| Barbara | Kosloski |
| Justin | Learn |
| Lee | Martin |
| Lauren | Mensch |
| Lori | Mroczka |
| Patrice | Neville |
| Genevieve | Nickerson |
| Tiki | Olson |
| Nicole | Pfeil |
| Katelyn | Reilly |
| Elizabeth | Reinbold |
| Jessica | Rosario |
| Lois | Ruland |
| Corinna | Smith |
| Josette | Tiglio |
| Erin | Tilley |
| Francis | Travis |
| Courtney | Truax |
| Kiara | Valenzuela |
| Janelle | Wallace |
| Colette | Yaronski |